CatRON, Ch. J.
delivered the opinion of the court.
1. As to the deed from Brown to Rice, it'was made in-May, 1801; had two witnesses; was proved by Dillon, 28th of May, 1805, before a judge in this State, and registered the 25th of May, 1808, in Davidson County; and in 1826, in Haywood County. The register act of 1807, sec. 2, provided, that deeds theretofore made and not registered in time, might be registered at any time within' one year after the 1st of January, 1808; provided, they were proved as required by that act, and registered in the county court where the land lay.
In May, 1808, the deed from Brown was registered; hut in Davidson, not on proof of two witnesses in open •court, hut on the probate of Dillon, made in 1805, before a judge of the superior court.
Then the act of 1809, ch. 100, sc. 3, was passed, declaring, that deeds of lands, to which the Indian title was not extinguished at the times of execution and registration, and which had been proved by one witness, before a judge of the superior court, and registered within any county, “within the time required for the probate and registration of deeds,” should be good to pass the title, and authorize the registration in the proper county, when the Indian title shall be extinguished.
This deed had two witnesses, and might have been proved and registered by virtue of the act of 1807, sec. 2; but the act was not complied with in this. First, The deed was not proved by two witnesses in open court. Second, It was not registered in the county where the land lay. The act of 1809, says, the previous probate before a judge by one witness should be valid. And it also declares the registration good, because the *126 land was situated m the Indian boundary, covering; both J 1 ° the delects.
The deed from Rice to Overton was made 14th June, 1804, acknowledged by Rice before a judge of the superior court, 25th May, 1805, and registered in Davidson, 25th March, 1808; and in Haywood, in 1826. The act of 1809, c. 100, makes no provision for a deed acknowledged in presence of a judge, before 1807, and registered as above in 1808. The act of 1821, ch. 61, provides for a deed acknowledged before a judge of the late superior courts, and since registered in any register’s office in this State, and declares it shall be read in evidence and pass the title. It covers this precise case. The deeds were correctly admitted.
2. Was the plaintiff entitled to recover on the demise laid on the lease of Patrick H. Overton, and others, as devisees? This depends on Thomas Overton’s will. He first provides, that all his just debts be paid out of such funds or property as may seem most advantageous to his executors thereinafter named. He then bequeaths to his son, Walter H., one thousand dollars; to his daughter, Anne Moore, one thousand dollars; to two grand children, five hundred dollars each, when they should become of age; the legacies to be raised out of his whole property and estate at the discretion of his executors. He devised to his daughter Harriet, a tract of land and also five negroes.
He then provides, “that after the before mentioned legacies are paid off, (and of course the debts also,) .that all my property, both real and personal, be left in trust to my wife, Penelope Overton, to be by her kept and possessed, for the space of seven years, from the date of this my last will, unless in the' opinion of my executors it may become necessary to distribute it among my children of her begotten. In that event, my executors are authorized to distribute it by loan or otherwise, in as full and ample a manner as I myself could do, were I present; *127 provided, no one of them is to receive more than his or her equal proportion of the whole estate.” At the end of seven years, the property was to be divided among the-children, .with the positive exception, that if in the opinion of thq executors, any of them should erroneously act or deport themselves, by marriage or otherwise, said executors might take from the delinquent what they saw proper, and give it to the others.
To this will, John Overton, Andrew Jackson, and A. W. Overton, were made executors. It was duly proved, and the three executors renounced in court; when Penelope Overton, and Patrick H. Overton were appointed administratrix and administrator, with the will annexed.
The will is dated the 24th of February, 1822, and was proved, July sessions, 1824, of the Davidson county court. This suit was commenced the 23rd day of November, 1826.
The court instructed the jury, that if they should find Mrs. Penelope Overton’s term to haveexpired, they should, on the second count, in her name, find for defendant. All the evidence is set out. There was no evidence that Mrs. Overton’s estate had arisen. By the will, “after” the legacies should be paid off, the testator left his property in trust to his wife, to be by her kept and possessed for the space of seven years, from the date of his will. Of course, the debts had to be first paid, then the legacies; and even then, the executors might cut of Mrs. Overton, by dividing and distributing the property amongst the children. For the exclusive use of these, Mrs. Overton was to hold the property in trust. She is, in fact, cut off by the will, from all personal benefit.
There is no evidence that the debts and legacies had been paid, when this suit was brought; the presumption is opposed to it. Until this was done, Mrs. Overton had no right to “keep and possess” the land sued for.
On the second count, the court charged the jury in- *128 correcttyj ™ terms) % telling them, if Mrs. Overton’s time had expired, she could not have a verdict as devisee. jf the term had commenced before the institution of the suit, she would have been entitled to a verdict and judgment for damages for the tresspass during the term, and costs, but not, “that she recover the term yet to come.” Adams on Ej. 35. But it lay on Mrs. Overton to show her term had commenced, by proving the debts and leg- • acies had been paid. Therefore, as devisee, she established no title, and had no right to recover.
Could the executors of Thomas Overton’s will maintain ejectment? If so, the administratrix and adminstrator with the will annexed, having the same trusts and duties to perform, had they the same interest in, and powers over the land in controversy?
Gen. Overton had two sets of children; the property after payment of debts, and legacies, of a thousand dollars each, to the three children by the first wife, was devised to the four living children of the second wife, and the descent broken.
There was no estate vested by the will in the executors, they were only directed to raise the money to pay debts and legacies out of the funds and property named; among these are lands, which are clearly subject to be sold. But the will gives them a mere power, and in the mean time the estate passed to the four children of the' testator by his wife Penelope. The contested question made by Coke 113 (T. Coke, 459: 2 Do. 137: Sugd. on Pow. 102, 108) on the words, “to my executors, to sell,” and “to be sold by my executors,” does not arise. There are neither words of conveyance nor express di- • rections to sell; the power arises from implication. A sufficiency of personal property might have been appropriated to pay debts and legacies, and in this the executor had a discretion.
Neither can the question arise in this cause, what the *129 powers of the administratrix and administrator with the ■will .annexed are.
Judgment affirmed.